**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927 1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3215

WRITER'S DIRECT FACSIMILE
212-492-0215

WRITER'S DIRECT E-MAIL ADDRESS
lclayton@paulweiss.com

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828 6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A FIELDSTON
ANDREW C FINCH
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
BRIAN M JANSON
JAREN JANGHORBANI
MEREDITH J KANE

ROBERTA A KAPLAN
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

May 11, 2015

**By ECF and Hand Delivery**

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> *BOKF, N.A.* v. *Caesars Entertainment Corp.*, No. 15 Civ. 1561 (SAS) ("*BOKF*")
>
> *MeehanCombs Global Credit Opportunities Master Fund, LP, et al.*
> v. *Caesars Entertainment Corp., et al.*, No. 14 Civ. 7091 (SAS) ("*MeehanCombs*")
>
> *Danner* v. *Caesars Entertainment Corp., et al.*, No. 14 Civ. 7973 (SAS) ("*Danner*")

Dear Judge Scheindlin:

      We represent defendant Caesars Entertainment Corp. ("CEC") in these matters, and I write in response to the letter to the Court from the plaintiff in *BOKF*, dated May 6, 2015 (the "BOKF Letter"), requesting entry of a scheduling order in that case that coincides with the dates in the Scheduling Order in the *MeehanCombs* and *Danner* actions.

      As explained further below, CEC fully supports the coordination of all three actions as well as a related action pending in Delaware Chancery Court, all of which involve claims that CEC is liable as a guarantor of debt instruments issued by its subsidiary Caesars Entertainment Operating Company, Inc. ("CEOC"). Based upon the BOKF Letter and our discussions with the plaintiffs in these four matters, we understand that the plaintiffs agree in principle to such coordination. CEC further agrees that a single scheduling order should govern these matters. We respectfully submit, however, that the deadlines under the current Scheduling Order in *MeehanCombs* and *Danner* should be extended by 60 days, taking account of the additional time necessary for discovery in the later-filed *BOKF* action (involving different CEOC notes governed by a different indenture) and the complexities of coordinating discovery in all

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Shira A. Scheindlin　　　　　　　　　　　　　　　　　　　2

four actions. Under CEC's proposed schedule, fact discovery would be completed by October 1, 2015, or approximately seven months after *BOKF* was commenced.

## Background

As the Court is aware, the *MeehanCombs* and *Danner* actions were brought by holders of certain unsecured CEOC notes, and assert claims against CEC, as an alleged guarantor of those notes, under both the governing indentures and the Trust Indenture Act ("TIA"). The principal issue in both cases is whether CEC's guarantee of the CEOC notes was effectively released as a result of certain transactions undertaken in May and August 2014. Under the current Scheduling Order, dated February 3, 2015, fact discovery is set to be completed by August 1, 2015. The Order provides that the schedule may be amended "on a showing of good cause not foreseeable at the time of the conference or when justice so requires." (Scheduling Order [Dkt. 25], dated Feb. 3, 2015, at 6.) Since then, the parties have exchanged responses and objections to various discovery requests, and plaintiffs have served subpoenas on a number of third parties, including other noteholders who were parties to one of the transactions at issue.

The *BOKF* action was commenced on March 3, 2015, approximately a month after entry of the *MeehanCombs* and *Danner* Scheduling Order. BOKF, like the plaintiffs in those other cases, seeks to hold CEC liable as a guarantor of certain CEOC notes, but the notes at issue and the governing indenture differ from those at issue in the earlier filed cases. CEC filed an answer on March 25, 2015, and the parties have exchanged initial disclosures. On April 16, 2015, BOKF served its first set of discovery requests—including 79 requests for documents (largely but not entirely overlapping with requests previously made by the *MeehanCombs* and *Danner* plaintiffs), twelve interrogatories, and two requests for admissions. CEC's written responses are due May 18.

The parties have been working cooperatively to attempt to coordinate discovery across the *MeehanCombs*, *Danner*, and *BOKF* actions, as well as a separate action pending in the Delaware Court of Chancery in which the plaintiff (also a trustee for a different tranche of second lien secured notes issued by CEOC) asserts similar claims (*Wilmington Savings Fund Society, FSB v. Caesars Entertainment Corp., et al.*, No. 10004 VCG (Del. Ct. of Chancery) ("*WSFS*")). The parties have exchanged correspondence and had multiple meet-and-confers about search terms, custodians, and date ranges for the production of documents, and plaintiffs in all four actions have agreed to such coordination in principle.

The claim in the BOKF Letter that there has been "no objection from CEC" to the ESI search protocols proposed by BOKF is incorrect. (BOKF Letter at 1.) In fact, CEC sent a letter to BOKF on April 27, 2015, explaining that it was not prepared to agree to a number of BOKF's requested searches, and CEC has raised concerns on multiple occasions—both in correspondence and in meet-and-confers—about the plaintiffs' requests for documents concerning CEOC. We do not, however, believe that there are any discovery disputes that are ripe for resolution by the Court.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Shira A. Scheindlin                                                                 3

### CEC's Proposed Coordinated Scheduling Order

CEC fully supports the coordination of scheduling in the *BOKF*, *MeehanCombs*, *Danner* and *WSFS* actions, and agrees that a single scheduling order should govern all three of the actions pending in this Court. We respectfully submit, however, that a coordinated scheduling order in the three cases before this Court should extend 60 days beyond the dates in the current Scheduling Order in *MeehanCombs* and *Danner*.

Under Fed. R. Civ. P. 16(b)(4), "good cause" to modify scheduling orders is "liberally construed" and is satisfied where, as here, the movant can "demonstrate[e] that it could not reasonably meet its deadline despite diligent efforts." *Exp.-Imp. Bank of U.S.* v. *Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005). The Court should also "consider, among other things, whether any prejudice will result, and whether the interests of justice make such a course desirable." *Dippel* v. *Farrell Lines Inc.*, No. 03 Civ. 130 (PKL), 2004 WL 369140, at *1 (S.D.N.Y. Feb. 27, 2004) (internal quotations and citations omitted).

Good cause to modify the *MeehanCombs/Danner* Scheduling Order exists here. *First*, such a modification would permit coordination of those cases with the later-filed *BOKF* action. That case was commenced approximately one month after the Court's entry of the Scheduling Order in *MeehanCombs* and *Danner*, and some six months after those cases were first filed. And, as noted, BOKF has sought documents that other plaintiffs have not. *Second*, the *BOKF* and *WSFS* actions involve different series of notes governed by different indentures. *Third*, while the parties have been working diligently and largely cooperatively on coordinating discovery, there remain a variety of issues that have yet to be resolved, although CEC is hopeful that the parties will be able to address them without any recourse to the Court. *Finally*, we note that a modest extension of the deadlines in the current Scheduling Order would not prejudice the *MeehanCombs* and *Danner* plaintiffs, since they had previously agreed to a similar schedule prior to the February 3rd conference with the Court.

CEC has not made any previous requests for extensions or adjustments to the Scheduling Order. A proposed order reflecting the modifications described above is attached hereto as Exhibit A.

We are prepared to participate in an in-person or telephone conference at the Court's convenience to address any questions.

Respectfully,

Lewis R. Clayton

cc:   All Counsel of Record (via ECF)
      Martin S. Lessner, Esq. (via email)
      Todd R. Geremia, Esq. (via email)
      David I. Zalman, Esq. (via email)